UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA LEE REDDING,

          Plaintiff,

   v.

JORDAN BALETO, *et al.*,

          Defendants.

Case No. C23-5430-MJP-SKV

ORDER STRIKING PLAINTIFF'S SUPPLEMENTAL AMENDED COMPLAINT

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Joshua Redding submitted his original complaint to the Court for filing on May 11, 2023, together with an application to proceed with this action *in forma pauperis* ("IFP"). *See* Dkt. 1. On June 2, 2023, after Plaintiff corrected a deficiency in his IFP application, the Court issued an Order granting Plaintiff leave to proceed IFP and his complaint was filed. *See* Dkts. 3, 4, 5, 6. On the same date, the Court issued an Order directing service of Plaintiff's complaint on the individual Defendants named therein, Jordan Baleto and Benjamin Krafcik. Dkt. 7. Counsel thereafter filed a notice of appearance on behalf of Defendants Baleto and Krafcik, and Defendants filed their waivers of service. Dkts. 8, 9, 10.

ORDER STRIKING PLAINTIFF'S
SUPPLEMENTAL AMENDED
COMPLAINT- 1

On July 6, 2023, Plaintiff submitted to the Court for filing a document which he identifies as a supplemental amended complaint. Dkt. 11. Plaintiff indicates in the caption of his document that he is seeking to add Defendants and additional grounds for relief "as a matter of course." *Id*. at 1. In the body of his submission, Plaintiff sets forth an additional five grounds for relief against five new Defendants, many of whom are identified only as Jane or John Doe. *See id*. at 1-7. Plaintiff does, however, specifically identify in his submission two members of the corrections staff at the Washington Corrections Center where the events giving rise to this action occurred, Richard Ferebee and Richard Ricker. *See id*. at 4-5. Counsel has appeared on behalf of these two individuals, though neither has yet been served. Dkt. 12.

Rule 15(a)(1)(b) of the Federal Rules of Civil Procedure permits a party to amend his or her complaint once, as a matter of course, prior to service of a responsive pleading. As no responsive pleading has yet been filed in this action, Plaintiff's proposed amended pleading may be filed without Plaintiff first obtaining leave of court. However, a review of Plaintiff's proposed amendment confirms that it contains only a portion of the claims Plaintiff intends to assert in this action. Dkt. 11. An amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, if the Court accepts Plaintiff's amended pleading, this action will proceed only as to the claims asserted therein.

It appears clear that Plaintiff, by way or his recent submission, is merely attempting to supplement his original complaint. However, supplemental pleadings are only permitted to be filed with leave of court and they may only set out "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff's

ORDER STRIKING PLAINTIFF'S
SUPPLEMENTAL AMENDED
COMPLAINT- 2

proposed supplemental claims appear to relate to events that occurred *prior* to the date of Plaintiff's original pleading and are therefore not properly raised in a supplemental pleading.

Because Plaintiff may not accomplish what he apparently intended to accomplish with the filing of his supplemental amended pleading, the Court deems it appropriate to strike that pleading and give Plaintiff an opportunity to file a proper amended complaint should he desire to do so. Plaintiff is advised, however, that any amended complaint filed after Defendants Baleto and Krafcik file their responsive pleading must be accompanied by a proper motion seeking leave to file the proposed amended pleading.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)  Plaintiff's supplemental amended complaint (Dkt. 11) is STRICKEN.

(2)  The Clerk is directed to send copies of this Order to Plaintiff, to all counsel of record, and to the Honorable Marsha J. Pechman.

DATED this 18th day of July, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER STRIKING PLAINTIFF'S
SUPPLEMENTAL AMENDED
COMPLAINT- 3