UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA LEE REDDING,

                    Plaintiff,

    v.

JORDAN BALETO, *et al*.,

                    Defendants.

Case No. C23-5430-MJP-SKV

ORDER RE: PLAINTIFF'S PENDING MOTIONS

This is a civil rights action proceeding under 42 U.S.C. § 1983.  This matter comes before the Court at the present time on Plaintiff's motion for leave to amend his complaint, Plaintiff 's motion to strike his motion for leave to amend, and Plaintiff's motion for appointment of counsel.  Dkts. 25, 28, 29.  Although Plaintiff's motions are not noted on the Court's calendar for consideration until September 1, 2023, the Court does not deem a response to the motions necessary and will therefore proceed to resolution of the motions at this time.  The Court, having reviewed Plaintiff's motions, and the balance of the record, hereby finds and ORDERS as follows:

    (1)     Plaintiff's motion to strike his recently filed motion for leave to amend his complaint (Dkt. 28) is GRANTED, and Plaintiff's motion for leave to amend (Dkt. 25) is

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 1

STRICKEN.  Plaintiff filed his motion for leave to amend on August 11, 2023, together with a proposed amended pleading, and he indicted therein that he was seeking to make a "technical fix" to his prior pleading.  Dkt. 25  In particular, Plaintiff indicated that he had forgotten to include the words "Washington State Department of Corrections" in the caption of his previous pleading, and that he wanted to "update" the capacities in which the individual Defendants were being sued to include both their individual and official capacities.  *Id*.  In his subsequent motion to strike, Plaintiff acknowledged that he could not name the state as a Defendant in an action under § 1983, and that adding claims against the individual Defendants in their official capacities would "do me know good either."  Dkt. 28.  Given Plaintiff's recognition that his proposed amendments would likely be futile, his motion to amend is properly stricken.

(2)     Plaintiff's motion for appointment of counsel (Dkt. 29) is DENIED.  There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff asserts in support of his motion for appointment of counsel that he has attempted to contact several private attorneys to represent him in this case but has yet to hear back from them, that he will struggle during this litigation and likely cause unnecessary paperwork and manhours, and that there is a strong likelihood that he will prevail in this action.  Plaintiff further

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 2

asserts that if this case goes to trial all parties will be prejudiced by not having counsel appointed

early on to properly conduct discovery and gather evidence. *Id*.

Applying the standard set forth above to Plaintiff's motion, the Court observes that

Plaintiff's claims are limited in time and scope, and Plaintiff has demonstrated an ability to

articulate the legal and factual bases of his claims without the assistance of counsel. While

Plaintiff will no doubt face challenges in litigating this action without the assistance of counsel,

the potential challenges he references in his motion are typical of those faced by *pro se* litigants

in general and by prisoners litigating actions from within the confines of a correctional facility,

challenges which do not, by themselves, constitute extraordinary circumstances. Finally, the

Court observes that Plaintiff's assertion that counsel would be better able to collect evidence and

prepare this case for trial is at best premature, and that the record is insufficient at this juncture

for the Court to reasonably assess Plaintiff's likelihood of success on the merits of his claims.

Based on the information currently available, this Court must conclude that Plaintiff has not

demonstrated that his case involves exceptional circumstances which warrant the appointment of

counsel.

(3)     In addition to the motions referenced above, Plaintiff also recently filed replies to

the answers to his amended complaint submitted by Defendants Jordan Baleto and Benjamin

Krafcik. *See* Dkts. 26, 27. A reply to an answer to a civil complaint is not a proper pleading and

is only permitted when specifically ordered by the Court. *See* Fed. R. Civ. P. 7(a)(7). The Court

sees no need for the replies filed by Plaintiff and, Plaintiff's replies are therefore STRICKEN.

//

//

//

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 3

1    (4)    The Clerk is directed to send copies of this Order to Plaintiff, to all counsel of

2  record, and to the Honorable Marsha J. Pechman.

3    DATED this 22nd day of August, 2023.

4

5    *S. Kate Vaughan*

    S. KATE VAUGHAN
6    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 4