UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA LEE REDDING,

                Plaintiff,

    v.

JORDAN BALETO, *et al*.,

                Defendants.

Case No. C23-5430-MJP-SKV

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this action while he was confined at the Stafford Creek Corrections Center in Aberdeen, Washington, but he has since been released from custody. *See* Dkt. 6 at 2; Dkt. 32. On November 20, 2023, the Court received a document from Plaintiff that purports to be a motion for appointment of counsel and a motion for extension of time. Dkt. 36. Plaintiff's recent request for counsel is his second such request. Plaintiff previously filed a motion for appointment of counsel in August 2023, which the Court denied. Dkts. 29, 30. Defendants have not responded in any fashion to Plaintiff's requests for relief.[1]

---

[1] Plaintiff's requests for relief were presented in a somewhat unconventional fashion. Specifically, Plaintiff submitted a copy of discovery requests he received from Defendants, and in the

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 1

The Court, having considered Plaintiff's motions, and the balance of the record, hereby finds and ORDERS as follows:

(1)     Plaintiff's second motion for appointment of counsel (Dkt. 36) is DENIED.  As Plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.

Plaintiff asserts in relation to his request for counsel that he does not have access to "anything," that he has "no clue" what he's doing, that he's homeless and has no money, and that he's not capable of litigating this lawsuit because of mental health issues.  Dkt. 36 at 1.  Plaintiff also expresses his intent to try and find an attorney on his own.  *See id*.  Finally, Plaintiff asserts that there is "a 100% chance" he will prevail in this action because of the severity of the injuries he suffered in the excessive force incident which gave rise to this lawsuit.  *See id*.

As the Court observed in denying Plaintiff's prior motion for counsel, his claims are limited in time and scope, and he has demonstrated ample ability to articulate the legal and factual bases of his claims without the assistance of counsel.  *See* Dkt. 30 at 3.  While Plaintiff's recent submission suggests that he is struggling to litigate this action since his release from

---

blank spaces on the front page of the document he expressed his need for an attorney and for an extension of time.  *See* Dkt. 36 at 1.

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 2

custody, the challenges he identifies do not, by themselves, constitute extraordinary circumstances. The Court notes as well that though Plaintiff expresses his certainty that he will prevail on the merits of his claims, the record remains insufficiently developed for this Court to make such a determination. Given the information available at this juncture, the Court once again concludes that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel. Plaintiff's motion for appointment of counsel is therefore denied.

(2) Plaintiff's motion for an extension of time (Dkt. 36) is also DENIED. Plaintiff indicates in his recent submission that he requires additional time so he can get an attorney to assist him in this matter. *See id*. at 1. However, as noted above, the Court has determined that Plaintiff does not qualify for appointment of counsel at this juncture and nothing in the record indicates Plaintiff has made progress obtaining counsel on his own. While the Court is not averse to granting Plaintiff additional time to perform specific tasks in light of his *pro se* status, Plaintiff's request to delay these proceedings based on the uncertain prospect that he will at some point be able to obtain counsel is simply too speculative to justify an extension of the existing deadlines.

(3) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Marsha J. Pechman.

DATED this 15th day of December, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 3